UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORY O'NEAL BREWER, | Case No. 3:20-cv-00396-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Respondents. | |

In this habeas corpus action, the Respondents filed a motion to dismiss (ECF No. 20) on January 29, 2021. *Pro se* Petitioner Cory O'Neal Brewer filed an opposition to that motion (ECF No. 33), and Respondents replied (ECF No. 37). On May 20, 2021, as further response to the motion to dismiss, Brewer filed a motion to amend petition (ECF No. 32) with a proposed amended petition attached (ECF No. 32-1). Respondents filed an opposition to that motion (ECF No. 34), and Brewer replied (ECF No. 34).

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"

1  *Sonoma County. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117

2  (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3  Brewer filed this motion for leave to amend in response to Respondents' motion to

4  dismiss, apparently seeking to cure shortcomings in his petition disclosed by the motion

5  to dismiss. Specifically, it appears that Brewer seeks to amend to present a fully

6  exhausted petition. The Court perceives no undue delay, bad faith, or dilatory motive on

7  Brewer's part, and he has not repeatedly failed to cure the deficiencies in his pleading

8  that he seeks to cure by this amendment. Brewer filed his motion to amend within a

9  reasonable amount of time—given that he is incarcerated and appears *pro se*—after the

10  motion to dismiss was filed. Respondents do not make a showing that the amendment

11  will be futile. Furthermore, the Court determines that Respondents will not be unduly

12  prejudiced if Brewer is allowed to amend his petition. The Court will grant Brewer's motion

13  for leave to file his amended petition and will set a schedule for Respondents to respond

14  to the amended petition.

15  It is therefore ordered that Brewer's motion to amend petition (ECF No. 32) is

16  granted. Brewer is granted leave of court to file his amended petition. The Clerk of the

17  Court is directed to separately file Brewer's first amended petition for writ of habeas

18  corpus (ECF No. 32-1).

19  It is further ordered that Respondents' Motion to Dismiss (ECF No. 20) is denied,

20  without prejudice, as moot.

21  It is further ordered that Respondents will have 60 days from the date of this Order

22  to file an answer or other response to Brewer's first amended habeas petition. In all other

23  respects the schedule set forth in the order entered October 1, 2020 (ECF No. 15) will

24  remain in effect.

25  DATED THIS 12th Day of July 2021.

26

27

28  _____
    MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE