UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CORY O'NEAL BREWER, | Case No. 3:20-cv-00396-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE,[1] *et al.*, | |
| Respondents. | |

**I.    SUMMARY**

This is a habeas corpus action brought under 28 U.S.C. § 2254 by Petitioner Cory O'Neal Brewer, a Nevada prisoner proceeding *pro se*. Before the Court is Respondents' Motion to Dismiss (ECF No. 47 ("Motion")) the First Amended Petition for Writ of Habeas Corpus (ECF No. 39).[2] For the reasons discussed below, the Court will grant in part and deny in part the Motion.

**II.    BACKGROUND**

Brewer challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County, Nevada. (ECF No. 21-13.) In November 2016, Brewer pled nolo contendere to second-degree murder. (ECF No. 21-10 at 5-6, 15.) The charge alleged that Brewer had "willfully and unlawfully and with malice aforethought" killed his fiancée "by means of blunt force trauma." (*Id.* at 5-6.) In December 2016, the district court

---

[1]According to the state corrections department's inmate locator page, Brewer is incarcerated at Ely State Prison. The department's website reflects that William Reubart is the warden of that facility. https://doc.nv.gov/Facilities/ESP_Facility/. The Court will therefore direct the Clerk of Court to substitute William Reubart for Respondent William Gittere under Federal Rule of Civil Procedure 25(d).

[2]Brewer opposes the Motion (ECF No. 54), and Respondents have replied (ECF No. 59).

sentenced Brewer to life in prison with the possibility of parole after ten years. (ECF No. 21-13.)

Brewer did not pursue a direct appeal. Instead, in May 2017, he filed a state habeas petition. (ECF No. 21-19.) Following the appointment of counsel, Brewer filed a supplemental petition. (ECF Nos. 22-6, 22-11.) The district court denied relief, and Brewer appealed. (ECF Nos. 22-39, 23-7.) Although counsel was initially appointed to represent Brewer, he waived the appointment and briefed the appeal *pro se*. (ECF Nos. 23-14, 23-17.) The Nevada Court of Appeals affirmed the denial of relief in March 2020, and the remittitur issued on April 13, 2020. (ECF Nos. 23-24, 23-25.)

On June 29, 2020, Brewer initiated this federal habeas action *pro se*. (ECF No. 1.) The Court subsequently granted Brewer's request to file a memorandum of points and authorities in support of his petition. (ECF No. 3.) Brewer filed the memorandum on September 18, 2020 (ECF No. 13), and the Court indicated that it would "treat[ ] that memorandum as a supplement to, and part of, Brewer's habeas petition."[3] (ECF No. 15 at 1.) Respondents then moved to dismiss. (ECF No. 20.) In response, Brewer sought leave to amend his original petition. (ECF No. 32.) On July 12, 2021, the Court granted leave to amend and directed the Clerk of Court to file the First Amended Petition. (ECF Nos. 38, 39.)

Respondents now move to dismiss the First Amended Petition, arguing that several grounds for relief (i) do not relate back to the original petition and are therefore untimely, (ii) fail to state cognizable claims, or (iii) are unexhausted or duplicative. (ECF No. 47.)

III. **DISCUSSION**

A. **Relation Back**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. *See* 28 U.S.C. §

---

[3]The Court refers to both the original petition and the memorandum of points and authorities as the "original petition."

2244(d). The one-year time limitation runs from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). A new claim in an amended petition that is filed after the expiration of AEDPA's one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Federal Rule of Civil Procedure 15(c). Under Rule 15(c), a claim relates back if the claim arises out of "the same conduct, transaction, or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 659. New claims in an amended habeas petition do not arise out of "the same conduct, transaction, or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id.* at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence"). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *See Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common core of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

Although Brewer's original petition was timely, he filed the First Amended Petition approximately five months after the expiration of the AEDPA limitation period.[4] (ECF Nos.

---

[4]Because Brewer did not file a direct appeal, the one-year limitation period began to run on January 20, 2017—the expiration date for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). By the time Brewer filed his state habeas petition on May 3, 2017, 103 days of the limitation period had lapsed. (ECF No. 21-19.) The limitation period was tolled while Brewer pursued state habeas relief, 28 U.S.C. § 2244(d)(2), and began to run again on April 13, 2020, when the remittitur issued on his appeal. (ECF No. 23-25.) At that point, Brewer had 262 days— that is, until December 31, 2020—to file a timely federal habeas petition. Brewer

1, 13, 32-1.) Thus, to be timely, the claims in the First Amended Petition must relate back to the original petition. Respondents argue that several grounds in the First Amended Petition do not relate back. (ECF No. 47 at 8-10.) The Court now considers Respondents' arguments.

### 1.     Ground 1(A)(4)

In Ground 1(A)(4), Brewer alleges his trial counsel provided ineffective assistance by failing to advance an innocent explanation for the victim's fractured ribs—namely, that Brewer cracked the victim's ribs while performing CPR on her after a drug overdose. (ECF No. 39 at 13.) This ground relates back to the original petition. There, Brewer alleged that (i) trial counsel failed to adequately pursue the defense that he had "tried to revive the victim" following a drug overdose, and (ii) the victim's cracked ribs were in an "area" that would "usually" fracture "from someone doing CPR." (ECF Nos. 13 at 10, 16 at 16.) Because Ground 1(A)(4) shares a common core of operative facts with these allegations, it relates back and is timely.

### 2.     Ground 1(A)(5)

Ground 1(A)(5) alleges that Brewer's trial counsel was ineffective for failing to notice that the coroner's report did not include "a definite cause of death" for the victim. (ECF No. 39 at 13.) According to Brewer, the report "speculated" that asphyxia was the cause of death, but it did not offer "conclusive" proof. (*Id.*) In the original petition, Brewer claimed there was "no evidence" that "strangulation" was the "cause of death" because the coroner's findings were consistent with "slapping [an] unconscious person" to bring her "out [of a] state of unconsciousness." (ECF No. 16 at 16-17.) The original petition also asserted that Brewer's trial counsel failed to determine whether the State was "providing adequate reports/data as to whether a murder took place." (*Id.* at 6.) Ground 1(A)(5) thus rests on facts alleged in the original petition—the coroner's failure to prove that strangulation caused the victim to die, and counsel's failure to ascertain whether the

---

submitted his original petition (including the supplemental memorandum) by September 2020, but he submitted his First Amended Petition on May 20, 2021—well outside the one-year limitation period. (ECF Nos. 1, 13, 32-1.)

State's "reports/data" established that homicide was the cause of death. Accordingly, Ground 1(A)(5) relates back to the original petition and is timely.

### 3. Ground 1(B)(1)

In Ground 1(B)(1), Brewer alleges that his trial counsel was ineffective for failing to understand his "factual or legal claims of innocence." (ECF No. 39 at 12.) Brewer's "claims of innocence" rested on his assertion that the victim died from a drug overdose rather than strangulation or "kidney bruising." (*Id.* at 12-13.) This ground relates back to the original petition. There, Brewer asserted that counsel encouraged him to plead nolo contendere "without understanding the factual and legal claims of innocence"—specifically, Brewer's theory that the victim died from "a lethal overdose of drugs." (ECF No. 13 at 13.) Brewer similarly alleged that counsel "did not consider [his] legal claims of innocence" and was "not prepared to proceed to trial." (*Id.* at 9.) Ground 1(B)(1) arises from facts alleged in the original petition and is therefore timely.[5]

### 4. Ground 1(B)(2)

Ground 1(B)(2) alleges that Brewer's trial counsel was ineffective because he failed to hire an expert to establish that the petechiae in the victim's eyes did not prove strangulation. (ECF No. 39 at 13.) According to Brewer, an expert could have testified that "slapp[ing] [someone] pretty hard" can cause petechiae to form in the eyes. (*Id.*) Such testimony would allegedly have bolstered Brewer's assertion that he merely tried to revive the victim following a drug overdose. (*Id.*) Brewer included the factual underpinnings of this claim in his original petition, alleging that trial counsel (i) failed to hire "an outside expert" to evaluate the coroner's findings, and (ii) did not consider the possibility that Brewer had tried "to slap [the] victim to wake [her] up" after a drug overdose, "causing petechiae of the eye (not due to strangulation of the [ ] victim)." (ECF No. 13 at 11.)

---

[5]The Court rejects Respondents' argument that Ground 1(B)(1) is conclusory. (ECF No. 47 at 12.) As noted above, Brewer specifically alleges his trial counsel rendered ineffective assistance by failing to understand that he was innocent because the victim died of a drug overdose. (ECF No. 39 at 12-13.)

Considering the liberal construction afforded *pro se* filings, the Court finds that Ground 1(B)(2) arises from facts alleged in the original petition and is therefore timely.

### 5. Ground 1(B)(3)

Ground 1(B)(3) asserts that Brewer's trial counsel was ineffective for failing to investigate the prosecution's expert, who "had made bad reports in the past." (ECF No. 39 at 14.) This ground does not relate back. Nowhere in the original petition did Brewer allege that the prosecution's expert had issued "bad reports in the past." Nor did Brewer allege that counsel was ineffective for failing to investigate this expert. Although Brewer contends that this claim is timely because he raised it "in the state habeas and state appeal," that is irrelevant to the relation-back inquiry. (ECF No. 54 at 6.) A claim in an amended petition is timely only if it relates back to a timely filed *federal* petition. *See Schneider*, 674 F.3d at 1150-51. Because Ground 1(B)(3) does not arise from a common core of facts alleged in the original federal petition, it does not relate back and must be dismissed as untimely.

### 6. Ground 1(B)(4)

In Ground 1(B)(4), Brewer claims that his trial counsel was ineffective for failing to seek a "hearing to determine if [his nolo contendere] plea was in fact voluntarily given." (ECF No. 39 at 14.) Brewer concedes that Ground 1(B)(4) does not relate back to his original petition, and he "agree[s] to dismissing this issue." (ECF No. 54 at 7.) The Court agrees that Ground 1(B)(4) does not relate back and thus dismisses it as untimely.

### 7. Ground 2(B)(3)

Ground 2(B)(3) alleges that the prosecution planned to accuse Brewer of "domestic violence" based on a "report[ ] dealing with a different individual named Bryan Bryant." (ECF No. 39 at 19.) Brewer claims that his trial counsel rendered ineffective assistance by deciding not "to stop the prosecutor from using this information . . . against him." (*Id.*) The original petition did not mention the prosecution's alleged plan to falsely accuse Brewer of domestic violence. Brewer nonetheless contends that Ground 2(B)(3) is timely because he properly "raise[d] these issues in all of the state proceedings." (ECF

No. 54 at 7.) As explained above, however, a claim in an amended petition does not escape AEDPA's one-year time limit unless it relates back to a timely filed *federal* petition. Ground 2(B)(3) is dismissed as untimely because it "asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the original federal petition. *Mayle*, 545 U.S. at 650.

### B.   Cognizability

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Claims based on conclusory allegations are not a sufficient basis for federal habeas relief. *See Mayle*, 545 U.S. at 655-56 (acknowledging that notice pleading is insufficient to satisfy the specific pleading requirement for federal habeas petitions). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Black's Law Dictionary (11th ed. 2019) (defining "cognizable" as "[c]apable of being known or recognized").

Respondents argue that several grounds must be dismissed because they do not state cognizable claims for relief. (ECF No. 47 at 10-13.) The Court considers these arguments below.

#### 1.   Ground 2(C)

In Ground 2(C), Brewer alleges that his state habeas counsel provided ineffective assistance by (i) failing to cite "supportive case law," (ii) filing a "meritless" supplemental habeas petition, and (iii) failing to ensure that Brewer properly exhausted his federal claims. (ECF No. 39 at 23-25.) Respondents correctly contend that this ground is not cognizable in federal habeas. (ECF No. 47 at 12-13.) "[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective

7

assistance of counsel claim." *Martinez v. Schriro*, 623 F.3d 731, 739-40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). Because Brewer had no Sixth Amendment right to counsel for his state habeas proceedings, he cannot bring a federal habeas claim based on the ineffective assistance he allegedly received during those proceedings. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Thus, the Court dismisses Ground 2(C).

### 2.  Grounds 3(A), 3(C), and 3(D)

In Grounds 3(A) and 3(D), Brewer appears to allege that his conviction is invalid because the Nevada Legislature violated the principle of separation of powers embodied in the federal constitution. (ECF No. 39 at 26-28, 34.) Specifically, Brewer contends that three Nevada Supreme Court justices received "legislative powers" allowing them to "legislate from the bench" and participate in "the legislation of law." (*Id.* at 34.) Grounds 3(A) and 3(D) are not cognizable because "the doctrine of separation of powers embodied in the [f]ederal [c]onstitution is not mandatory on the States." *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980) (citation omitted); *accord Chromiak v. Field*, 406 F.2d 502, 505 (9th Cir. 1969) ("The federal constitutional doctrine of separation of judicial and executive powers applies only to the operation of the federal government and is not binding upon the states"). The Court therefore dismisses Grounds 3(A) and 3(D).[6]

Ground 3(C) also fails to state a cognizable claim. Brewer alleges that the Nevada Revised Statutes are "constitutionally void" because "new statutes" are enacted "without any enacting clauses." (ECF No. 39 at 30-31.) According to Brewer, the Nevada Legislature passes laws in this manner to "hide mistakes [it] made when [it] repealed the official statutes of Nevada" in 1957. (*Id.*) This argument is frivolous. "The Supreme Court

---

[6]Brewer also alleges in Ground 3(A) that Nevada law allows "assigned attorneys," "prosecuting attorneys," and "the courts" to "get the defendants to waive rights they violate so that they can hide behind these waivers." (ECF No. 39 at 27.) These vague allegations are insufficient to state a cognizable claim.

of Nevada and the Nevada Court of Appeals repeatedly have rejected the core argument presented here regarding the alleged lack of enacting clauses in the Nevada Revised Statutes in numerous opinions, which were not published apparently due to the nonprecedential value of an opinion on such a patently meritless challenge." *Helfrich v. Nevada*, Case No. 2:16-cv-00312-RFB-NJK, 2018 WL 1321015, at *2 & n.2 (D. Nev. Mar. 13, 2018) (collecting cases). As one such opinion explained, "[t]he Nevada Revised Statutes merely 'constitute the official codified version of [the] Statutes of Nevada and may be cited as prima facie evidence of the law.' NRS § 220.170(3). The Nevada Revised Statutes consist of enacted laws which have been classified, codified, and annotated by the Legislative Counsel. *See* NRS § 220.120. The actual laws of Nevada are contained in the Statutes of Nevada. Thus, the fact that the Nevada Revised Statutes do not contain enacting clauses does not render the statutes unconstitutional." *Langford v. State*, 437 P.3d 1054 (Table), 2019 WL 1440980, at *4 (Nev. Mar. 29, 2019). The Court dismisses Ground 3(C) because it fails to state a cognizable claim.

### 3. Ground 3(B)

In Ground 3(B), Brewer alleges that his due process rights were violated because he "did not receive his preliminary hearing within 15 days" of his arraignment as required by Nevada law. (ECF No. 39 at 28-29.) This delay, in turn, allegedly deprived him of his right to a trial within 60 days of his arraignment. (*Id.*) Respondents correctly argue that this claim is barred by *Tollett v. Henderson*, 411 U.S. 267 (1973), because it rests on events that took place before Brewer pled nolo contendere to second-degree murder. (ECF No. 47 at 11.)

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not" "within the range of competence demanded of attorneys in criminal cases." *Id.* at 266-67. Thus, "claims of

pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017). *Tollett* applies to pleas of nolo contendere. *See Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992).

Ground 3(B) rests entirely on pre-plea events—the state district court's failure to hold a preliminary hearing within 15 days of Brewer's arraignment, and the subsequent violation of his right to a trial within 60 days of arraignment. Although Brewer appears to allege that his trial counsel was partly responsible for these continuances, he does not explain how the delays "prevent[ed] [him] from making an informed choice whether to plead." (ECF No. 39 at 29-30.) *Mahrt*, 849 F.3d at 1170. Accordingly, the Court dismisses Ground 3(B) as non-cognizable. *See Stott v. Wickham*, Case No. 3:17-cv-00081-MMD-VPC, 2018 WL 3758583, at *2 (D. Nev. Aug. 8, 2018) (finding that the claim was barred by *Tollett* because it was "difficult to conceive how counsel's continuances of the preliminary hearing without Petitioner's consent could have prevented Petitioner from making an informed choice whether to plead").

### C. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims"). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156

(9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Respondents contend that several grounds in the First Amended Petition are unexhausted. (ECF No. 47 at 13-18.) The Court considers these grounds below.

### 1. Ground 1(A)(6)

In Ground 1(A)(6), Brewer claims his trial counsel was ineffective for failing to develop an appropriate response to the coroner's finding that "there was 1000 cc of blood [ ] in the [victim's] stomach." (ECF No. 39 at 13.) Brewer appears to contend that his counsel could have rebutted this finding by pointing to a different expert report, which found "no significant injuries around the [victim's] stomach." (*Id.*) Ground 1(A)(6) is unexhausted because Brewer did not fairly present it to the Nevada Court of Appeals. To be sure, Brewer claimed on appeal that "the autopsy report" failed to establish that the victim died from "hemorrhaging in her abdomen and brain." (ECF No. 23-17 at 23-24.) But he did not argue that his counsel rendered ineffective assistance by failing to recognize or respond to this fact. (*Id.*) Because Brewer did not fairly present Ground 1(A)(6) to the Nevada Court of Appeals, it is unexhausted.

### 2. Ground 1(B)(1)

As noted above, Ground 1(B)(1) alleges that Brewer's trial counsel was ineffective for failing to understand his "factual or legal claims of innocence"—namely, the theory that the victim died from a drug overdose rather than strangulation or "kidney bruising." (ECF No. 39 at 12-13.) On appeal from the denial of his state habeas petitions, Brewer argued that his trial counsel provided ineffective assistance by "not car[ing] about any factual legal claims of [his] innocence." (ECF No. 23-17 at 8.) Brewer specified that he was innocent because the victim "had high doses of drugs in her system that were way

11

beyond the capacity of human consumption." (*Id.* at 22.) And Brewer faulted his trial counsel for failing to take adequate steps to pursue this theory. (*Id.* at 22-23.) Accordingly, Ground 1(B)(1) is exhausted because Brewer fairly presented it to the Nevada Court of Appeals.

### 3.     Ground 1(B)(2)

As explained above, Ground 1(B)(2) asserts that trial counsel was ineffective because he failed to hire an expert to establish that the petechiae in the victim's eyes did not prove strangulation. (ECF No. 39 at 13.) Such an expert, according to Brewer, could have testified that "slapp[ing] [someone] pretty hard" can cause petechiae to form in the eyes. (*Id.*) Brewer contends that, had counsel pursued this theory, he could have put on the defense that Brewer simply made a failed to attempt to revive the victim following a fatal drug overdose. (*Id.*)

Ground 1(B)(2) is unexhausted because Brewer failed to fairly present it to the Nevada Court of Appeals. On appeal, Brewer challenged the coroner's finding that asphyxia was the cause of death, contending that "slapping someone in the facial area could have caused" "scarring in the eye." (ECF No. 23-17 at 22.) But Brewer did not fairly present the claim in Ground 1(B)(2)—namely, that his trial counsel was ineffective for failing to hire an expert who could show that petechiae in the eyes can result from slapping someone in the face. *See Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) ("As a general matter, each unrelated alleged instance [ ] of counsel's ineffectiveness is a separate claim for purposes of exhaustion") (internal quotation marks and citation omitted).

Brewer argues that he exhausted Ground 1(B)(2) because, in his brief to the Nevada Court of Appeals, he stated that he would "submit earlier arguments made on the record for the court's viewing." (ECF No. 23-17 at 6.) In effect, Brewer attempted to incorporate by reference all of the arguments he had made in his state habeas petitions. (*Id.*) This was insufficient to exhaust Ground 1(B)(2), because Nevada law does not permit incorporation by reference on appeal. Nev. R. App. P. 28(e)(2); *see also Maresca*

*v. State*, 748 P.2d 3, 6 (Nev. 1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court"). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, Brewer's attempt at incorporation by reference did not exhaust Ground 1(B)(2).

### 4. Ground 2(A)(4)

In Ground 2(A)(4), Brewer alleges that his trial counsel rendered ineffective assistance by failing to obtain "medical records of the victim." (ECF No. 39 at 16.) This claim is unexhausted because Brewer never presented it to the Nevada Court of Appeals. Brewer contends that he exhausted this claim by raising it in his state habeas petitions. (ECF No. 54 at 21.) To satisfy the exhaustion requirement through a postconviction procedure, however, a petitioner must raise his claims "at all appellate stages afforded under state law as of right by that procedure." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (internal quotation marks, citations, and emphasis omitted). Because Brewer did not raise Ground 2(A)(4) on appeal, it is unexhausted.

### 5. Ground 2(A)(5)

Ground 2(A)(5) alleges that Brewer's trial counsel was ineffective for failing to review the police records in his case. (ECF No. 39 at 16.) Brewer did not raise this argument in the Nevada Court of Appeals. Accordingly, Ground 2(A)(5) is unexhausted.

### D. Duplicative Claims

### 1. Ground 2(B)(4)

In Ground 2(B)(4), Brewer claims that his trial counsel provided ineffective assistance by (i) "refusing to familiarize himself with the forensics" and (ii) failing to hire a forensic expert to challenge "the State's side of the facts." (ECF No. 39 at 20.) As Respondents point out, Ground 2(B)(4) is duplicative of Grounds 2(A)(3) and 2(A)(6), in which Brewer alleges that his trial counsel was ineffective for (i) "fail[ing] to secure an

autopsy expert" and (ii) failing to review the "coroner laboratory records." (ECF No. 39 at 16.) Accordingly, the Court dismisses Ground 2(B)(4) as duplicative.

### 2.  Ground 2(B)(5)

Ground 2(B)(5) asserts that Brewer's trial counsel was ineffective because he (i) failed to file a motion for discovery and (ii) did not request a "preliminary hearing within the timeframes given by the statutes." (*Id.* at 22.) Respondents correctly argue that Ground 2(B)(5) is duplicative of Grounds 2(A)(1) and 2(A)(2), in which Brewer alleges that his trial counsel provided ineffective assistance by (i) "not filing a discovery motion" and (ii) "allow[ing] the State and the [court] to postpone his preliminary examination without his consent." (*Id.* at 15.) Thus, the Court dismisses Ground 2(B)(5) as duplicative.

### E.  Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, as explained above, Grounds 1(A)(6), 1(B)(2), 2(A)(4), and 2(A)(5) are unexhausted. Because the First Amended Petition contains unexhausted claims, Brewer has three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

If Brewer wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Brewer to reply. Or Brewer may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Brewer's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Brewer is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 47) is granted in part and denied in part as follows:

1. Grounds 1(B)(3), 1(B)(4), and 2(B)(3) are dismissed as untimely.
2. Grounds 2(C), 3(A), 3(B), 3(C), and 3(D) are dismissed as non-cognizable.
3. Grounds 1(A)(6), 1(B)(2), 2(A)(4), and 2(A)(5) are unexhausted.
4. Grounds 2(B)(4) and 2(B)(5) are dismissed as duplicative.

It is further ordered that, with respect to his unexhausted claims, Brewer shall have *30 days* to either: (i) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and

proceed on the exhausted grounds; *or* (ii) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims;[7] *or* (iii) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Brewer chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in LR 7-2.

It is further ordered that if Brewer elects to abandon his unexhausted grounds, Respondents will have *30 days* from the date Brewer serves his declaration of abandonment in which to file an answer to Brewer's remaining grounds for relief.

It is further ordered that Brewer will have *30 days* following service of Respondents' answer in which to file a reply.

It is further ordered that if Brewer fails to respond to this order within the time permitted, this case may be dismissed under *Rose v. Lundy*.

The Clerk of Court is directed to substitute William Reubart for Respondent William Gittere.

DATED THIS 2nd Day of September 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[7]In offering this option, the Court makes no assurances as to whether any future petition filed in this Court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).